UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

FLORIBERTO VILLALVA-ESTRADA,
individually and in behalf of all other persons
similarly situated,

              Plaintiff,

       –against–

SXB RESTAURANT CORP. d/b/a IL
TINELLO, and XHEVAT GOCAJ, jointly and
severally,

              Defendants.

14 CV 10011

JUDGE NATHAN



## COMPLAINT AND JURY DEMAND

    1.    The plaintiff, in behalf of other similarly situated current and former employees of the defendants who consent to become party plaintiffs, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 215(b), alleges that the defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the defendants are liable to the plaintiff and party plaintiffs for unpaid or underpaid (1) minimum wages, (2) overtime compensation, and such other relief available by law.

    2.    The plaintiff further alleges, pursuant to N.Y. Lab. Law §§ 198(1-a) and 663(1), that the defendants violated the Minimum Wage Act, N.Y. Lab. Law § 650, *et seq.*, and section 191 of the New York Labor Law, and the defendants are liable to the plaintiff for unpaid or underpaid (1) minimum wages, (2) overtime compensation, (3) spread-of-hours wages, and such other relief available by law.

    3.    The plaintiff further alleges, pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-b)–(1-d), that the defendants violated the same, N.Y. Lab. Law § 195(1)–(3), and that

the plaintiff should be awarded of the defendants statutory damages, injunctive relief, and such other relief available by law.

## JURISDICTION AND VENUE

4. Jurisdiction of this action is conferred upon the Court by the Fair Labor Standards Act, 29 U.S.C. § 216(b), and further by 28 U.S.C. §§ 1331 and 1337.

5. Jurisdiction over all other claims is within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391. The parties reside where set forth herein. A substantial part of the events or omissions giving rise to the claims alleged herein occurred in the judicial district of this Court.

## PARTIES

7. The plaintiff Floriberto Villalva-Estrada is and was at all relevant times an adult residing in New York County, New York.

8. The defendant SXB Restaurant Corp. is and was at all relevant times a New York business corporation with its office in Bronx County.

9. Upon information and belief, the defendant Xhevat Gocaj is an adult whose address is unknown to the plaintiff

## COLLECTIVE ACTION ALLEGATIONS

10. Pursuant to 29 U.S.C. § 216(b), the plaintiff commences this action as to the plaintiff's claims arising under the Fair Labor Standards Act as a collective action in behalf of all similarly situated current and former employees of the defendants at any time since three years before the date of this complaint to the entry of judgment in this action who consent to become party plaintiffs.

11. The plaintiff and the putative party plaintiffs have had substantially similar jobs and compensation and have been subject to the defendants' common policies and practices of willfully violating the Fair Labor Standards Act as set forth in this complaint. The claims of the plaintiff stated herein are similar to those of the putative party plaintiffs.

## STATEMENT OF FACTS

12. At all relevant times, the defendants' business is a full-service restaurant doing business as Il Tinello and located at 16 West 56th Street, New York, New York.

13. Upon information and belief, at all relevant times, the defendant Xhevat Gocaj was an owner, shareholder, officer, or manager of the defendants' business.

14. Upon information and belief, at all relevant times, the defendant Xhevat Gocaj was an individual who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiff and party plaintiffs, and acted directly or indirectly in the interest of an employer.

15. Upon information and belief, at all relevant times, the defendant Xhevat Gocaj had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants.

16. The defendants are associated and are joint employers, act in the interest of each other with respect to the employees of the defendants, have common policies and practices as to wages and hours, and share control over the defendants' employees.

17. The defendants employed the plaintiff approximately from April 2014 until October 4, 2014.

18. The defendants employed the plaintiff as a dishwasher and restocker.

19. The plaintiff worked for the defendants approximately sixty-nine hours per week. The plaintiff worked for the defendants approximately eleven and one-half hours per day six days per week.

20. The defendants paid the plaintiff approximately $435 per week.

21. The defendants paid the plaintiff by check.

22. The defendants willfully failed to pay the plaintiff and party plaintiffs the applicable minimum wage.

23. The plaintiff and party plaintiffs worked in excess of forty hours each workweek, yet the defendants willfully failed to pay the plaintiff and party plaintiffs overtime compensation of one and one-half times their regular rate of pay.

24. The plaintiff worked a spread of hours in excess of ten each day, yet the defendants willfully failed to pay the plaintiff spread-of-hours compensation.

25. The defendants failed to provide the plaintiff with a notice and acknowledgment at the time of hiring.

26. The defendants failed to provide the plaintiff with a statement with each payment of wages.

27. Upon information and belief, while the defendants employed the plaintiff and party plaintiffs, the defendants failed to post or keep posted notices explaining the minimum wage rights of employees under the Fair Labor Standards Act and the New York Labor Law, and the plaintiff and party plaintiffs were uninformed of their rights during such times.

28. Upon information and belief, while the defendants employed the plaintiff and party plaintiffs, the defendants failed to maintain accurate and sufficient records.

### FIRST CLAIM FOR RELIEF:
### FAIR LABOR STANDARDS ACT

29. The plaintiff, on behalf of the plaintiff and party plaintiffs, reallege and incorporate by reference paragraphs 1 through 28 as if they were set forth again herein.

30. At all relevant times, the defendants, employers, employed the plaintiff and party plaintiffs, employees, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), (e)(1), and (g).

31. The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r).

32. The enterprise of the defendants employs employees engaged in commerce or in the production of goods for commerce, or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a)(i).

33. Upon information and belief, at all relevant times, the enterprise of the defendants has had an annual gross volume of sales made or business done not less than of $500,000, exclusive of separate retail excise taxes, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a)(ii).

34. Therefore, upon information and belief, at all relevant times, the plaintiff and party plaintiffs have been employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a).

35. The defendants in many workweeks willfully and repeatedly violated (and are violating) the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay the

plaintiff and party plaintiffs the minimum wage applicable under the Fair Labor Standards Act, 29 U.S.C. § 206.

36.     The defendants in many workweeks willfully and repeatedly violated (and are violating) the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay the plaintiff and party plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

37.     By 29 U.S.C. § 216(b), the defendants are liable to the plaintiff and party plaintiffs for unpaid or underpaid (1) minimum wages and (2) overtime compensation.

38.     The plaintiff and party plaintiffs are further entitled to recover of the defendants an equal amount as liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

39.     The defendants failed to post notices of the defendants' employees' rights under the law, required by 29 C.F.R. § 516.4.

40.     Because of the defendants' failure to post notices of the defendants' employees' rights under the law, the plaintiff and party plaintiffs are entitled to the equitable tolling of their claims during the time that the defendants failed to post such notices.

41.     The foregoing conduct, as alleged, constitutes a willful violation of the Fair Labor Standards Act within the meaning of the Portal-to-Portal Act, 29 U.S.C. § 255(a).

SECOND CLAIM FOR RELIEF:
MINIMUM WAGE ACT

42.     The plaintiff realleges and incorporates by reference paragraphs 1 through 41 as if they were set forth again herein.

43.     At all relevant times, the defendants, employers, employed the plaintiff, an employee, within the meaning of the New York Labor Law, §§ 2(5)–(7) and 651(5)–(6), and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.2.

52. The defendants failed to post notices of the defendants' employees' rights under the law, required by N.Y. Lab. Law §§ 198(d) and 661 and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.4.

53. Because of the defendants' failure to post notices of the defendants' employees' rights under the law, the plaintiff is entitled to the equitable tolling of the plaintiff's claims during the time that the defendants failed to post such notices.

## THIRD CLAIM FOR RELIEF: WAGE THEFT PREVENTION ACT

54. The plaintiff realleges and incorporates by reference paragraphs 1 through 53 as if they were set forth again herein.

55. The defendants failed to furnish to the plaintiff, at the time of hiring, a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; any doing business as names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1) and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2.

56. Due to the defendants' violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1) and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2, the plaintiff should be awarded of the defendants statutory damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500.00, pursuant to N.Y. Lab. Law § 198(1-b).

57. The defendants failed to furnish to the plaintiff with each wage payment a statement listing the dates of work covered by that payment of wages; name of employee; name of employer;

     f.    an award of liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a), and the Minimum Wage Act, N.Y. Lab. Law § 663(1);

     g.    an award of statutory damages for the defendants' violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1)–(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)–(1-d);

     h.    a permanent injunction restraining the defendants, including the defendants' officers, agents, employees, and those persons in active concert or participation with the defendants, from violating the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1)–(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)–(1-d);

     i.    if liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

     j.    an award of prejudgment interest pursuant to the New York Civil Practice Law and Rules, §§ 5001–02;

     k.    an award of postjudgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules, § 5003;

     l.    an award of the attorney's fees, costs, and further expenses up to fifty dollars, of this action, pursuant to 29 U.S.C. § 216(b), and N.Y. Lab. Law §§ 198(1)–(2) and 663(1); and

     m.    such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiff, on behalf of the plaintiff and party plaintiffs, demands a trial by jury on all questions of fact raised by the complaint.

|  |  |
|---|---|
| Dated: New York, New York<br>December 19, 2014 | LAW OFFICE OF JUSTIN A. ZELLER, P.C.<br><br>By: _____<br>John M. Gurrieri (JG1234)<br>jmgurrieri@zellerlegal.com<br><br>_____<br>Brandon D. Sherr (BS2680)<br>bsherr@zellerlegal.com<br>Justin A. Zeller (JZ7094)<br>jazeller@zellerlegal.com<br>277 Broadway, Suite 408<br>New York, N.Y. 10007-2036<br>Telephone: (212) 229-2249<br>Facsimile: (212) 229-2246<br>**ATTORNEYS FOR PLAINTIFF** |