UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

FLORIBERTO VILLALVA-ESTRADA,
individually and in behalf of all other persons
similarly situated,

                         Plaintiff,

  -against-

SXB RESTAURANT CORP. d/b/a IL
TINELLO, and XHEVAT GOCAJ, jointly and
severally,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Docket No. 14-cv-10011

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL
CLASS CERTIFICATION AND NOTICE PURSUANT TO 29 U.S.C § 216(B)**

VANDENBERG & FELIU, LLP
Christopher A. D'Angelo (CD-7081)
Attorneys for Defendants
60 East 42nd Street, 51st Floor
New York, New York 10165
(212) 763-6800

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ ii

TABLE OF AUTHORITIES ......................................................................................................... iii

INTRODUCTION .......................................................................................................................... 1

BACKGROUND ............................................................................................................................ 1

SUMMARY OF ARGUMENT ...................................................................................................... 5

ARGUMENT .................................................................................................................................. 6

    A.    PLAINTIFF'S SUBMISSION LACKS FACTUAL SUBSTANCE ................................. 7

        Allegations Regarding Hours Worked, Duration of Employment and Pay ........................ 7

        Allegations Regarding Other Employees ......................................................................... 10

            The Dishwasher ........................................................................................................ 11

            The Cooks ................................................................................................................. 11

            Waiters and Busboys ................................................................................................ 12

            Bartender, Kitchen Runner and Other Unnamed Employees .................................. 13

    B.    PLAINTIFF'S SUBMISSION LACKS SUFFICIENT LEGAL SUBSTANCE ............. 13

CONCLUSION ............................................................................................................................. 15

# **TABLE OF AUTHORITIES**

**Federal Cases**

*Bifulco v. Mortgage Zone, Inc.*,
   262 F.R.D. 209 (E.D.N.Y. 2009) .................................................................................................. 14

*Garcia v. Spectrum of Creations Inc.*,
   __ F.Supp. 3d __ , No. 14 Civ. 5298, 2015 WL 2078222 (S.D.N.Y. May 4, 2015) ...... 7, 13, 14

*Hoffman v. Sbarro, Inc.*,
   982 F.Supp. 249 (S.D.N.Y 1997) ................................................................................................... 7

*Hoffman-LaRoche Inc. v. Sperling*,
   493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989) .................................................................. 6

*Ikikhueme v. CulinArt, Inc.*,
   No. 13 Civ. 293, 2013 WL 2395020 (S.D.N.Y. Jun. 3, 2013) ..................................................... 13

*Lynch v. United Servs. Auto. Ass'n*,
   491 F.Supp.2d 357 (S.D.N.Y. 2007) ......................................................................................... 7, 14

*Mata v. Foodbridge LLC*,
   No. 14 Civ. 8754, 2015 WL 3457293 (S.D.N.Y Jun. 1, 2015) ................................................... 13

*Romero v. H.B. Auto. Group Inc.*,
   No. 11 Civ. 386, 2012 WL 1514810 (S.D.N.Y. May 1, 2012) ...................................................... 7

*Rosario v. Valentine Avenue Discount Store, Co., Inc.*,
   828 F.Supp.2d 508 (E.D.N.Y. 2011) ........................................................................................... 14

*Rubery v. Buth-Na-Bodhaige, Inc.*,
   569 F.Supp.2d 334 (W.D.N.Y. 2008) .......................................................................................... 14

*Sanchez v. JMP Ventures, LLC*, No.
   13 Civ. 7264, 2014 WL 465542 (S.D.N.Y. Jan. 27, 2014) .................................................... 13, 14

*Summa v. Hofstra University*,
   715 F.Supp.2d 378 (E.D.N.Y. 2010) ........................................................................................... 14

**Rules and Statutes**

29 U.S.C. § 216(b) ............................................................................................................................ 1, 6

29 U.S.C. §§ 201 ................................................................................................................................... 1

Defendants SXB RESTAURANT CORP. d/b/a IL TINELLO ("Il Tinello" or "Restaurant"), and XHEVAT GOCAJ, (collectively with Il Tinello as "Defendants"), by and through their attorneys, Vandenberg & Feliu, LLP, hereby submit this Memorandum of Law in Opposition to Plaintiff's Motion for Conditional Class Certification and Notice pursuant to 29 U.S.C. § 216(b), and Plaintiff's Proposed Notice to Covered Employees.

## INTRODUCTION

Plaintiff alleges violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et. seq. (hereinafter "FLSA") and New York Labor Law (hereinafter "NYLL"), by failing to pay all non-exempt hourly employees proper minimum wage and overtime premium payments.  In this Motion, Plaintiff requests (1) conditional certification of the FLSA claim as a representative collective action pursuant to FLSA, 29 U.S.C. § 216(b); (2) Court facilitated notice of this FLSA action to non-exempt employees, including a consent form (opt-in form) as authorized under the FLSA; (3) approval of the proposed FLSA Notice of this action and the consent form; and (4) posting of the Notice, along with the consent forms, in Defendants' place of business where non-exempt employees are employed during regular business hours.  For the reasons set forth below, Plaintiffs Motion for conditional certification of the FLSA collective action pursuant to FLSA, 29 U.S.C. § 216(b) should be denied in whole or in part.  If granted in part, the Notice should be modified accordingly.

## BACKGROUND

Il Tinello is an upscale mid-town restaurant serving northern Italian cuisine, and has been in business for over thirty years.  Declaration of Xhevat Gocaj, dated June 25, 2015 ("Gocaj Decl."), ¶ 4.  Originally, Plaintiff asserted that he was employed as a "dishwasher and

1

restocker"[1] at Il Tinello.  See Complaint filed December 19, 2014 ("Complaint") ¶ 18.  In support of this motion, Plaintiff now asserts that in addition to the dishwasher and restocker positions, he also worked for Il Tinello as a "cook."  Affidavit of Plaintiff In Support of Motion to Conditionally Certify Collective Action, dated May 19, 2015 ("Pl. Aff."), ¶ 3.  Defendants contend that Plaintiff was employed only as a dishwasher, and there is no position referred to as "restocker."  Defendants' Answer with Defenses ("Answer"), ¶ 18; Gocaj Decl., ¶ 5.  Plaintiff asserts no claim to having worked as either a waiter, busboy, bartender or any other non-exempt position at Il Tinello.

Non-exempt employees, such as dishwashers, at Il Tinello are supposed to punch time cards.[2]  Gocaj Decl., ¶¶ 6-7.  Plaintiff claims to have been employed at defendant Restaurant from April 2014 to October 2014.  Complaint, ¶ 17; Pl. Aff., ¶ 2.  Defendants dispute this contention, asserting that Plaintiff was employed for only five (5) weeks, beginning in September and ending in early October 2014.  Answer, ¶ 17; Gocaj Decl., ¶ 8.  All parties agree that Plaintiff was paid by check (Compare Complaint, ¶ 21 and Answer, ¶ 21), however, his rate of pay of either $435 per week (Complaint, ¶20), or the more precise amount of $440.59 per week (Pl. Aff., ¶ 5), is disputed by defendants.  Plaintiff contends on this motion, that he received $440.59 "until approximately September 2014."  Pl. Aff., ¶ 5.  There is no information presented on this motion as to what Plaintiff claims to have been paid from early September through the end of his employment in October 2014.

---

[1]  Il Tinello does not have a position of "restocker."  Gocaj Decl., ¶ 5.

[2]  Despite being required to punch a time card throughout his employment, Plaintiff frequently neglected to punch in, either at the beginning of a break, and/or upon his return, or at the end of the day.  Additionally, during his first week on the job, he failed to ever punch in.  Gocaj Decl., ¶ 7.

2

Although formal discovery has not yet been exchanged, the parties agreed to exchange informal discovery. Counsel had agreed that such informal discovery would be produced in advance of the filing of this motion. Declaration of Christopher A. D'Angelo, dated June 25, 2015 ("D'Angelo Decl."), ¶ 3. Specifically, Plaintiff's counsel had referred to the production of bank records which would substantiate Plaintiff's five to six month employment period, that he received $440.59 each pay period, and that he was unpaid or underpaid with respect to hours worked, overtime, and minimum wage. D'Angelo Decl., ¶ 4. Plaintiff's counsel has also represented, in his Initial Disclosures, that Plaintiff has pay stubs and bank records in his possession, custody or control, in support of this claim. Id. Despite the agreement to engage in pre-motion, informal discovery, no bank records, pay stubs or other documents were provided by Plaintiff's counsel either prior to this motion, or after it was filed. Id., ¶ 5.

On May 18, 2015, Defendants provided their informal discovery to Plaintiff's counsel by serving four time cards regarding Plaintiff's time entries and a payroll summary concerning payments to Plaintiff for five pay periods from early September to mid-October 2014. Id., ¶ 7 and Exs. A and B thereto.

The payroll documents indicate the following:
- For the pay period September 3 to September 9, 2014:
    - Regular hours: 40
    - Overtime hours: 12.6
    - Regular rate of pay: $8.00 per hour
    - Overtime rate of pay: $12.00 per hour
    - Total pay (gross/net): $471.20/$420.20

3

- For the pay period September 10 to September 16, 2014:
    - Regular hours:  40
    - Overtime hours: 7.4
    - Regular rate of pay:  $8.00 per hour
    - Overtime rate of pay:  $12.00 per hour
    - Total pay (gross/net):  $408.80/$367.22
- For the pay period September 17 to September 23, 2014:
    - Regular hours:  40
    - Overtime hours: 14.6
    - Regular rate of pay:  $8.00 per hour
    - Overtime rate of pay:  $12.00 per hour
    - Total pay (gross/net):  $495.20/$440.45
- For the pay period September 23 to September 30, 2014:
    - Regular hours:  40
    - Overtime hours: 17.65
    - Regular rate of pay:  $8.00 per hour
    - Overtime rate of pay:  $12.00 per hour
    - Total pay (gross/net):  $530.00/$440.59

- For the pay period October 1 to October 7, 2014:
    - Regular hours:  20
    - Overtime hours: 0
    - Regular rate of pay:  $8.00 per hour
    - Overtime rate of pay:  N/A
    - Total pay (gross/net):  $160/$146.86

D'Angelo Decl., ¶ 8.

## SUMMARY OF ARGUMENT

In this motion Plaintiff asks the Court to conditionally certify a class of all non-exempt employees at Il Tinello.  In support, Plaintiff sets forth a minimal amount of information about himself, and a minimal amount of information about some, but not all, non-exempt employees.  The information provided lacks any degree of substance or specificity.  Plaintiff purports to provide information regarding one dishwasher, one cook, and one waiter.  Pl. Aff., ¶¶ 6-8.  Despite the fact that he claims to have worked side by side with these employees for six months, Plaintiff is unable to identify the dishwasher by name, and mis-identifies the name or job of two others; he fails to set forth any specific facts with respect to the rate of pay or earnings and payment of the cooks, and the waiter he identifies is, in reality, a busboy.  Gocaj Decl., ¶ 12.  Also missing from Plaintiff's submission is any specific information, for himself or others, regarding duties, start times, break times, or end times. All that exists are conclusory assertions about the number of hours he, and some but not all other non-exempt employees, worked per week.

Certification is also inappropriate given the brief time period Plaintiff worked for defendant Restaurant.  Plaintiff claims to have worked for five months, but there is scant

5

evidence in the record to support that contention. Even if this conclusory assertion is sufficient to satisfy Plaintiff's burden at this stage, there is no evidence presented by Plaintiff that the alleged unlawful practices pre-date his employment. Employees prior to that five month period are not, therefore, similarly situated.

Apart from these deficiencies, payroll records produced in opposition to this motion also establish that there is little, if any substance to Plaintiff's assertion that he or these other employees were subjected to a common policy or practice of underpayment. Indeed, according to the payroll records each of these employees is paid a lawful minimum wage, and a lawful overtime rate for hours in excess of forty hours per week. Id. Some non-exempt employees are paid on a different basis that Plaintiff, as "tipped" employees.

## ARGUMENT

District courts "have discretion, in appropriate cases" to grant conditional certification and facilitate notice to potential class members in collective action cases brought pursuant to FLSA §216(b). *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 169, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). Although not required by *Hoffman-LaRoche* or the FLSA, district courts in New York have implemented a two-step process in determining whether to exercise this discretion "in appropriate cases", and this process has been noted with approval by the Second Circuit Court of Appeals. *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010). "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Myers at 555*. At this first stage, Plaintiff's obligation is to make a "modest factual showing" that he "*and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" Myers* at 555, *quoting Hoffman v. Sbarro, Inc.*, 982

F.Supp.249, 261 (S.D.N.Y 1997) (Sotomayor, J.) (emphasis added). While this standard has been described as lenient, "certification is not automatic." *Romero v. H.B. Auto. Group Inc.*, No. 11 Civ. 386, 2012 WL 1514810, at *10 (S.D.N.Y. May 1, 2012). At this stage the court "does not resolve factual disputes, decide substantive issues…or make credibility determinations." *Lynch v. United Servs. Auto. Ass'n*, 491 F.Supp.2d 357, 368 (S.D.N.Y. 2007). Nevertheless, "the burden on a plaintiff is not non-existent and the factual showing, even if modest, must still be based on some substance." *Garcia v. Spectrum of Creations Inc.*, __ F.Supp. 3d __ , No. 14 Civ. 5298, 2015 WL 2078222, *5 (S.D.N.Y. May 4, 2015).

### A. PLAINTIFF'S SUBMISSION LACKS FACTUAL SUBSTANCE

Just as a house of cards has no substance when confronted with a mild breeze, Plaintiff's submission has no substance when subjected to appropriate scrutiny. It is conclusory, incomplete, speculative, and misleading with respect to facts regarding his own employment, as well as the terms and conditions of others employed at defendant Restaurant.

**Allegations Regarding Hours Worked, Duration of Employment and Pay**

Plaintiff's allegations regarding hours worked, and the length of his employment with defendant Restaurant, fail to satisfy even the lenient standard for conditional certification.

First, Plaintiff's Affidavit is virtually identical to the Complaint in this action with respect to these allegations. The differences amount to little more than tweaks, pronoun changes and different narrative voice. For example:

1.a. Complaint ¶ 17 states: "The defendants employed the plaintiff approximately from April 2014 until October 4, 2014";

1.b. Affidavit ¶ 2 states: "The defendants employed me approximately from April 2014 until October 4, 2014";

7

  2.a. Complaint ¶ 19 states: "The plaintiff worked for the defendants approximately sixty-nine hours per week. The plaintiff worked for the defendants approximately eleven and one-half hours per day six days per week";

  2.b. Affidavit ¶ 4 states: "I worked for the defendants approximately between sixty-nine and seventy-two hours per week. I worked for the defendants approximately between eleven and one-half hours and twelve hours per day six days per week";

  3.a. Complaint ¶ 20 states: "The defendants paid the plaintiff approximately $435 per week";

  3.b. Affidavit ¶ 5 states: "The defendants paid me a $440.59 check per week until approximately September 2014".

  Merely reciting the Complaint allegations may not be insufficient, in and of itself, to warrant denial of this motion, but a close examination of these rote allegations should be sufficient to deny the motion. Notably absent from Plaintiff's submission is any level of specificity. While he claims to have worked eleven and one-half to twelve hours per week, Plaintiff fails to identify the hours he actually worked each day. There is no reference to a start time; there is no reference to any break time; and there is no reference to an ending time.

  Also absent from Plaintiff's submission is any evidence, other than his conclusory assertions, that he worked from April 2014 until October 4, 2014. Plaintiff's counsel had agreed to provide documents such as bank records and pay stubs to substantiate this claim prior to making this motion, but failed to do so. D'Angelo Decl., ¶¶ 3-5. More to the point, even though Plaintiff's counsel identifies such documents in their Initial Disclosures, and asserts that these documents are in Plaintiff's "possession, custody or control," no such records were submitted as part of this motion, and as of Tuesday June 23, 2015, Plaintiff's counsel was still "working on"

8

getting the documents. D'Angelo Decl., ¶ 6. Plaintiff appears to simply hope that the Court will accept, without question, his contention that he worked for six months at an unlawful rate of compensation.

In contrast, Defendants have submitted payroll records, a 2014 W-2 which supports the data on the payroll records, and the sworn testimony of the individual defendant, demonstrating that Plaintiff worked for no more than five weeks. D'Angelo Decl., Exs. B and C and Gocaj Decl., ¶ 8.

Plaintiff also fails to provide any evidence in support of his claim that he was paid less than minimum wage, and no overtime. Initially, Plaintiff alleged that he was paid by check in the amount of approximately $435 per week for the hours he worked; there were no date restrictions as to when or during what period this amount was received. Complaint ¶¶ 20-21. After Defendants informal production of payroll records and time cards, Plaintiff's allegation suddenly changed; he now asserts he received $440.59 every week "until approximately September 2014." Pl. Aff., ¶ 5.[3] Plaintiff provides no evidence whatsoever as to what he was paid from September through October 4, 2014, when his employment ended. Id. Payroll records for that period show he was paid (gross/net): $471.20/$420.20; $408.80/$367.22; $495.20/$440.45; $530.00/$440.59; $160.00/$146.86. As set forth previously (pp. 4-5, supra), these payments reflect forty hours of straight time at $8.00 per hour for the first four weeks, and 10.4, 7.4, 14.6 and 17.5 hours at an overtime rate of $12.00 per hour during those first four

---

[3] As stated earlier, Plaintiff's counsel has failed to comply with his agreement to informally produce bank records which would establish receipt of this amount through bank deposits. The reason Plaintiff limits his receipt of the $440.59 amount up to "September 2014" seems obvious, as payroll records show that Plaintiff received varying amounts during his five weeks of work beginning in September and ending in early October. See D'Angelo Decl., ¶ 8 and Ex. B.

weeks. Plaintiff was paid 20 hours at the straight time rate of $8.00 per hour his fifth and final week.

In any event, Plaintiff's representation regarding his receipt of the $440.59 weekly check fails to establish that he was paid less than minimum wage, and no overtime, because it is incomplete and misleading. Plaintiff fails to identify whether the check was a "net" amount, after withholding, or a "gross" amount, before withholding. The payroll records produced informally by Defendants provide specification and, therefore, clarity. They show, for example, that for the pay period September 24 to September 30, 2014, Plaintiff earned the gross amount of $530.00, and that after taxes, he received a check for $440.59. Notably, these earnings are based upon forty straight time hours at $8.00 per hour, and 17.5 overtime hours at a rate of $12.00 per hour. In fact, the payroll records uniformly show the receipt of these straight time and overtime rates in accordance with applicable law throughout the five weeks Plaintiff was employed, as well as the deduction of applicable tax withholding. See D'Angelo Decl., ¶ 8 and Ex. B.[4]

In short, there is little, if any, substance to Plaintiff's assertions herein. He has failed to present little more than his own conclusory assertions, each of which fails to withstand even mild scrutiny.

**Allegations Regarding Other Employees**

Just as Plaintiff's assertions regarding his own terms and conditions of employment lack substance, his allegations regarding other employees also lack substance.

---

[4] One difficulty in assessing Plaintiff's claim is that he failed to punch in and out properly each day, neglecting to record his time in or out for breaks, or his departure. Gocaj Decl., ¶ 7.

10

In fact, Plaintiff's assertions regarding allegedly "similarly situated" employees suffer from the same infirmities that betray the assertions he has made with respect to his individual claim. The assertions are conclusory, speculative, and misleading.

**The Dishwasher**

In paragraph 6 of his Affidavit, Plaintiff claims to have worked with a dishwasher who "shared the same schedule as I did" and who Plaintiff "observed" during work. Despite claiming that he worked side by side with this dishwasher for nearly six months, however, Plaintiff is unable to identify him by name. Plaintiff also fails to specify any of the duties performed by this dishwasher, or by Plaintiff, for that matter.

The dishwasher Plaintiff is referring to is an employee by the name of Emmanuel Rangel. Gocaj Decl., ¶ 9. According to payroll records, Mr. Rangel was never paid $440.59 during the period he worked for defendant Restaurant. See, D'Angelo Decl., Ex. D. Records show instead he was paid the following amounts (gross/net) during the five week period Plaintiff worked at the Restaurant: $521.00/$440.08; $659.00/$533.37; $521.00/$440.08; $560.00/$440.06; and $884.00/$657.34. Id. The payroll records show that Mr. Rangel worked 40 hours at a straight time rate of $8.00 per hour each week, and 16.75, 28.25, 16.75, 20, and 37 hours of overtime at a rate of $12.00 per hour during this five week period. Id.

**The Cooks**

The Restaurant does not employ six cooks. There is an Executive Chef, who is salaried and exempt, and a Sous Chef who is also salaried and exempt. Contrary to Plaintiff's claim, there is no cook named Flaco. Pl. Aff., ¶ 7. He might be referring to a cook by the name of Francisco Javier Duran Ramos, who worked during Plaintiff's tenure. Gocaj Decl., ¶ 11. Regardless of whether Plaintiff is able to identify even one cook by name, Plaintiff's submission

11

on this motion is insufficient to support an inference that Mr. Duran Ramos or any other cook was underpaid, or not paid minimum wage.

Plaintiff claims to have observed the total number of hours Mr. Duran Ramos worked per week, but just as he fails to identify any specific hours or a specific schedule for himself, Plaintiff fails to identify specifics regarding Mr. Duran Ramos' start time, end time, or break times. Plaintiff also fails to state or specify the duties and tasks performed by this, or any other, cook.

Significantly, Plaintiff's submission is also devoid of any factual information as to how the cooks were paid, what their rate of pay was, and whether they received overtime pay.

These deficiencies are significant, and certainly call into question the veracity of his claim that in addition to being a dishwasher and restocker, Plaintiff also worked as a "cook" during his employment. In short, despite his claim that he worked alongside the cooks for six months, and his more recent claim that he worked as a cook, Plaintiff fails to set forth any information establishing that he is "similarly situated" to this or any other cooks at defendant Restaurant.

### Waiters and Busboys

Plaintiff's submission with respect to waiters is also flawed. There is no waiter by the name of "Chuchin" as Plaintiff asserts in his Affidavit. Pl. Aff., ¶ 8. Moreover, the waiters and busboys at Il Tinello are treated as "tipped" employees pursuant to applicable federal and state law, a fact which escaped Plaintiff despite his claim that he worked at the restaurant for nearly six months. Plaintiff also neglects to provide any specific information regarding duties and responsibilities, start times, break times or end times. Given the dearth of information set forth in Plaintiff's submission with respect to waiters and busboys, and the absence of similarity

with respect to how they are paid, Plaintiff's attempt to include these employees in a conditionally certified class should be rejected. See, *Garcia*, *supra;* see also, *Sanchez v. JMP Ventures, LLC*, No. 13 Civ. 7264, 2014 WL 465542 (S.D.N.Y. Jan. 27, 2014); see also, *Ikikhueme v. CulinArt, Inc.*, No. 13 Civ. 293, 2013 WL 2395020, at *2–3 (S.D.N.Y. Jun. 3, 2013).

### Bartender, Kitchen Runner and Other Unnamed Employees

Plaintiff fails to specifically identify a number of other employee categories in his motion, but presumably seeks to include these unidentified employees insofar as the proposed order references "all non-exempt hourly employees". To the extent that Plaintiff is seeking to include bartenders, kitchen runners and other unnamed employees in this request for conditional certification, it must be rejected, insofar as Plaintiff fails to identify these employees with any degree of specificity, and fails to identify their hours or pay in any manner whatsoever. See, *Garcia*, *supra;* see also, *Sanchez, supra*; see also, *Ikikhueme, supra*.

### B. PLAINTIFF'S SUBMISSION LACKS SUFFICIENT LEGAL SUBSTANCE

Plaintiff's motion fails to satisfy even the lenient legal standard for conditional certification applied within the Second Circuit. In *Mata v. Foodbridge LLC*, No. 14 Civ. 8754, 2015 WL 3457293 (S.D.N.Y Jun. 1, 2015), the court denied a motion to conditionally certify a class where, like here, Plaintiff submitted a single affidavit from himself that was devoid of "concrete facts evidencing a common scheme or plan of wage and hour violations for employees engaged in different job functions," and lacking detail as to the observations and conversations presented in support of the motion. *Mata*, 2015 WL 3457293, at **3-4. The court in *Sanchez* also denied conditional certification to a restaurant delivery person looking to represent all tipped employees at three different restaurants (plaintiff worked at only two of the three) over a three

13

year period, based on a single, conclusory affidavit from plaintiff. *Sanchez*, 2014 WL 465542, at *1 ("the factual record…[was] insufficient to support even an inference that a common policy or plan that violated the law existed with respect to this variety of potential opt-in plaintiff"); cf. *Garcia*, 2015 WL 2078222 (partially denying motion for conditional certification where plaintiff's declaration failed to set forth sufficient facts about individuals who performed other job functions).

      Plaintiff's submission is also thinly supported, insofar as it is merely accompanied by a lone affidavit from plaintiff, without any supporting documentation, and without any supporting declarations from potential opt-in plaintiffs.[5] Courts that have granted such motions usually do so on the basis of a more robust factual records than the record submitted here. *See Rosario v. Valentine Ave. Disc. Store, Co., Inc.*, 828 F.Supp.2d 508 (E.D.N.Y. 2011) (additional affidavit from potential opt-in plaintiff); *Summa v. Hofstra Univ.*, 715 F.Supp.2d 378 (E.D.N.Y. 2010) (multiple affidavits from potential class members, and multiple documents); *Bifulco v. Mortgage Zone, Inc.*, 262 F.R.D. 209 (E.D.N.Y. 2009) (17 pre-motion opt-ins, and 8 affidavits in support of the existence of a common practice); *Rubery v. Buth-Na-Bodhaige, Inc.*, 569 F.Supp.2d 334 (W.D.N.Y. 2008) (evidence in support of a common plan from multiple putative class members); *Lynch*, *supra* (evidence from four depositions of opt-in plaintiffs, and three additional affidavits).

---

[5] The absence of documentation is curious, given the representation in Plaintiff's Initial Disclosures that there are "bank records and pay stubs" in Plaintiff's "possession, custody or control."

## **CONCLUSION**

This Court is respectfully requested to deny Plaintiffs Motion of Conditional Collective Class Certification in its entirety, or grant it in part such that only dishwashers are included in the conditionally certified collective class.

Dated: June 26, 2015
      New York, New York

                                       VANDENBERG & FELIU, LLP

                                       By:   /s/ Christopher A. D'Angelo
                                                Christopher A. D'Angelo (CD-7081)
                                       Attorneys for Defendants
                                       60 East 42nd Street, 51st Floor
                                       New York, New York 10165
                                       (212) 763-6800

TO: Law Office of Justin A. Zeller, P.C.