

ATTORNEYS AT LAW

Christopher A. D'Angelo
TELEPHONE: 212-763-6822
cdangelo@vanfeliu.com

November 13, 2015

Via ECF

The Honorable Kevin Nathaniel Fox
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   Villalva-Estrada v. SXB Restaurant Corp. d/b/a Il Tinello and Xhevat Gocaj
      Civil Action No. 14-cv-10011 (AJN)(KNF)

Your Honor,

This Firm represents Defendants SXB Restaurant Corp. and Xhevat Gocaj in the above-referenced matter, a wage and hour action under federal and state law. We write pursuant to Rule 2.A. of Your Honor's Individual Rules of Practice and Local Civil Rule 37.2 to respectfully request an informal conference regarding the discovery schedule and potential sanctions in this action.

Fact discovery was originally scheduled to close on September 15, 2015. That date was extended by agreement to October 15, 2015. On October 1, 2015, Plaintiff's counsel wrote to Your Honor requesting a 60 day extension of the discovery deadline, to December 15 "so that the parties can focus resources and time on settling the case in the mediation."[1]

The mediation was scheduled for Friday November 6, at 9:15 a.m. The date and time were confirmed on November 5 by the mediator, as well as in a call between the undersigned and Plaintiff's counsel. At 9 a.m. on November 6, while in the courthouse preparing for the mediation, I received a voice message from Plaintiff's counsel advising that Plaintiff had not yet appeared in counsel's office. Plaintiff's counsel opined that it was unlikely Plaintiff would be appearing, as counsel had been unable to reach him. In an email at 9:40 a.m., Plaintiff's counsel confirmed that Plaintiff would not be appearing. No reason was given for the failure to appear.

This is the second time Plaintiff and counsel have failed to appear for a scheduled and confirmed event relating to this action. On September 8, Plaintiff failed to appear for a noticed deposition. The failure to appear for mediation is egregious, given that participation in mediation was given as the reason for an adjournment of the discovery deadline.

---

[1] Although Defendants did not oppose Plaintiff's October 1 request, they did not authorize its filing as a "Consent Letter Motion", as it is denoted in the Docket.

Hon. Kevin Nathaniel Fox  
Re: Villalva-Estrada v. SXB Restaurant Corp. et al., No. 14-cv-10011

November 13, 2015  
Page 2

      Accordingly, we request the imposition of sanctions on Plaintiff and/or counsel. Defendants incurred unnecessary costs and fees to appear for a mediation that Plaintiff failed to attend. These are in addition to the approximately $400 in costs that Defendants incurred to retain an interpreter and court reporter when Plaintiff failed to appear at his September deposition. Aside from costs, Plaintiff should also be barred from conducting any further discovery in this matter as it has abused its right to do so. This conduct is repetitive, and demonstrates the complete absence of respect for the judicial system.

      Thank you for your attention to this matter.

Respectfully Submitted,

Christopher A. D'Angelo

cc:    Law Office of Justin A. Zeller, P.C. (via ecf)