UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAR 31 2016

Floriberto Villalva-Estrada,

        Plaintiff,

–v–

SXB Restaurant Corp, *et al.*,

        Defendants.

14-cv-10011 (AJN)

MEMORANDUM & ORDER

ALISON J. NATHAN, District Judge:

    On December 19, 2014, Floriberto Villalva-Estrada filed a complaint in the Southern District of New York alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), Art. 19 § 650 *et seq.* Dkt. No. 1 ("Compl."). In his complaint, Villalva-Estrada alleges that he worked as a dishwasher and restocker at Il Tinello, a restaurant owned and run by Defendants SXB Restaurant Corp. and Xhevat Gocaj, from April 2014 through October 2014. *Id.* ¶¶ 12-13, 17-18. Villalva-Estrada claims that Defendants failed to pay him the legally required minimum wage, overtime compensation, and spread-of-hours wages; failed to pay him on an hourly basis; and failed to provide certain required notices relating to his wages. *Id.* ¶¶ 29-59. His complaint seeks to bring claims on behalf of similarly situated current and former employees at Il Tinello, *id.* ¶ 10, and he has moved to conditionally certify a collective action under FLSA. *See* Dkt. No. 14.

    On December 10, 2015, the parties notified the Court that they had reached a settlement. Dkt. No. 41. Shortly thereafter, the Court instructed the parties to submit a copy of the proposed settlement agreement, as well as a joint submission explaining why the settlement should be approved. Dkt. No. 43. The Court received the parties' materials on January 15, 2016. *See* Dkt. No. 50. After reviewing the settlement agreement and supporting materials, the Court has

1

determined that the settlement is fair and reasonable. Accordingly, the Court approves the settlement for the reasons outlined below.

I.  **LEGAL STANDARD**

FLSA suits cannot be privately settled. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). In keeping with FLSA's purpose of ensuring workers "a fair day's pay for a fair day's work," a settlement in a FLSA case must be approved either by a court or by the Department of Labor. *Id.* (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)). This action therefore cannot be dismissed with prejudice until the Court has satisfied itself that the resolution proposed by the parties is "fair and reasonable." *See, e.g.*, *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). The settlement agreement must "reflect[] a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani v. Licetti*, No. 13-CV-7002 (KMF), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014) (internal quotation marks and citation omitted).

In deciding whether to approve a FLSA settlement, "a court should consider the totality of circumstances." *Wolinsky*, 900 F. Supp. 2d at 335. Factors for a court to consider include, but are not limited to:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Id.* (internal quotation marks and citation omitted).

There are also certain factors that will "weigh against approving a settlement," such as:

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Id.* at 336.

Finally, when a FLSA settlement includes attorneys' fees, the Court must approve those fees as reasonable. *Aguilera v. Cookie Panache ex rel. Between the Bread, Ltd.*, No. 13-CV-6071 (KBF), 2014 WL 2115143, at *2 (S.D.N.Y. May 20, 2014). With these considerations in mind, the Court turns to the specifics of the proposed settlement in this case.

## II.  DISCUSSION

The proposed settlement submitted by the parties indicates that Defendants will pay a total of $4,000 to settle Villalva-Estrada's claims—$2,500 of which will be payable to Villalva-Estrada, and $1500 of which will be payable to his attorney, Justin Zeller. Dkt. No. 50 ("Joint Submission"), Ex. A ("Settlement Agreement") at 2. Under the totality of circumstances, this amount is reasonable.

As an initial matter, the first and third *Wolinsky* factors—the range of possible recovery and the seriousness of litigation risks—are closely related here. If the allegations in his complaint are true, then Villalva-Estrada estimates that he could recover approximately $4,968.86 in unpaid wages, plus another $12,505.43 in statutory and liquidated damages, for a total of $17,474.29. Dkt. No. 50, Ex. F. Those figures assume that Villalva-Estrada worked at Il Tinello for nearly 27 weeks, that he worked 69 hours each week, and that his "effective hourly rate" was $7.68.[1] *Id.* But the parties' joint submission in support of the proposed settlement casts doubt on the plausibility of those allegations. The parties aver that Defendants produced all of the payroll and personnel records pertaining to Villalva-Estrada in their possession, and that

---

[1] There are several reasons to question the figures in the tables in Exhibit F of the parties' joint submission. First, it is unclear how Villalva-Estrada arrived at the "effective hourly rate" that he claims he was paid, which forms the basis for all of the calculations in the table. Second, the values in the "total with liquidated damages" column appear to assume that Villalva-Estrada can recover separate liquidated damages under both FLSA and the NYLL. But there is persuasive authority in this circuit holding that FLSA plaintiffs cannot "double recover" liquidated damages under both statutes. *See, e.g., Inclan v. N.Y. Hospitality Grp., Inc.*, 95 F. Supp. 3d 490, 560 (S.D.N.Y. 2015) (declining "to rule that plaintiffs are entitled to cumulative liquidated damages under the FLSA and NYLL" because there is not a meaningful distinction between the purpose of the liquidated damages provision in each statute). These concerns do not alter the Court's assessment of the proposed settlement, however, in light of the reasons, discussed *infra*, that Viallalva-Estrada faces significant obstacles to recovering the full amount estimated in Exhibit F.

3

those records indicate that Villalva-Estrada worked for Defendants for just five weeks—from September 3, 2014, through October 7, 2014. Joint Submission at 2. Moreover, the parties indicate that Villalva-Estrada's bank records also suggest that he received five weeks of pay, at the rate reflected in Defendants' records. *Id.* at 4. The consistency of Defendants' records stands in contrast with Villalva-Estrada's testimony that he had difficulty remembering when he worked at Il Tinello and his inconsistent allegations about precisely how much he was paid. *Id.* at 4-5. Accordingly, although the $2,500 that Villalva-Estrada would receive under the proposed settlement is a relatively small percentage of his maximum "possible" recovery of $17,474.29, he faces the very substantial risk that a trial would result in no, or at least a significantly diminished, recovery. A distribution of the possible outcomes at trial, factoring in the risks associated with proving Villalva-Estrada's claims, would therefore likely be clustered at the lower end of the spectrum of possible recoveries.

To that end, Defendants have submitted a table that calculates Villalva-Estrada's possible recovery under a different set of assumptions. *See* Dkt. No. 50, Ex. G. If Defendants' records concerning the weeks that Villalva-Estrada worked and the pay he received for those weeks are correct, but Villalva-Estrada is correct about the hours he worked, then Defendants calculate that he could recover $1,694.80 in unpaid wages and $3,659.60 in statutory and liquidated damages, for a total recovery of $5,354.40.[2] Using these numbers, the proposed settlement would allow Villalva-Estrada to receive 47% of his maximum possible recovery, i.e., 100% of his unpaid wages and 22% of the possible statutory and liquidated damages. In light of the previously discussed litigation risks, this rate of recovery is reasonable under the circumstances. *See Goett v. VI Jets Int'l, Inc.*, No. 14-CV-8256 (MHD), 2015 WL 3616961, at *1 (S.D.N.Y. Apr. 22,

---

[2] As with Exhibit F, there are reasons to question the figures in Exhibit G. For starters, the liquidated damages total again appears to rest on the assumption that Villalva-Estrada can recover cumulative liquidated damages under FLSA and the NYLL. Additionally, the figures do not appear to take into account the fact that Villalva-Estrada can recover liquidated damages for spread-of-hours violations. *See, e.g., Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 319 (S.D.N.Y. 2014) ("Plaintiffs are also entitled to liquidated damages on the spread-of-hours."). Given that the figures in Exhibit G represent only a guidepost for what Villalva-Estrada might be able to recover at trial, these issues do not alter the Court's analysis.

2015) (approving FLSA settlement where plaintiff received $56,250, which represented 48% of his best-case recovery of $116,500).

Turning to the other *Wolinsky* factors, approving the proposed settlement would allow the parties to avoid additional discovery expenses, possible summary judgment practice, and the expenses of a trial. As the parties note, the amounts at stake in this case counsel against spending additional sums on litigation. *See* Joint Submission at 8. Additionally, the parties have represented to the Court that the proposed settlement was the product of arms-length negotiations between attorneys who each have more than a decade of legal practice and substantial experience in FLSA matters. *Id.* The Court has no reason to question these representations, nor to find that the proposed settlement was the product of any fraud or collusion. And although Villalva-Estrada has moved for conditional certification of a collective action, the Court finds the risk that there are "other employees situated similarly to the claimant," *Wolinsky*, 900 F. Supp. at 336, to be mitigated by the prospect that Villalva-Estrada worked at Il Tinello for a short period of time and the parties' representation that Il Tinello keeps bona fide payroll records. *See* Joint Submission at 9. Under the totality of circumstances, the proposed settlement is fair and reasonable with respect to Villalva-Estrada.

Finally, with respect to attorneys' fees, the proposed settlement would award $1,500, i.e., 37.5% of the total settlement amount, to Villalva-Estrada's counsel. Settlement Agreement at 2. As a percentage of the total award, that amount is more than courts in this circuit typically approve. *See Guzman v. Joesons Auto Parts*, No. CV 11-4543 (ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (noting that "[f]ees of 30 to 33⅓ percent are not uncommon in this Circuit" and that, "in FLSA cases, . . . a fee of 20 percent or less of the total settlement award is reasonable and consistent with fees granted in other class actions"). Moreover, despite this Court's order that the parties submit "[d]etailed billing records to support any request for attorneys' fees," Dkt. No. 43, the parties provided no documents pertaining to the hours Villalva-Estrada's counsel worked or the hourly rate that would be appropriate. Generally, when "proper records are not submitted, the court may deny fees altogether or it may reduce the award."

5

*Wolinsky*, 900 F. Supp. 2d at 337. But the Court declines to reduce the fees here in light of the fact that Villava-Estrada's counsel has, at a minimum, filed a motion for conditional certification, participated in at least some amount of discovery, and engaged in settlement negotiations. Accordingly, there is no reasonable possibility that a fee award of $1,500 is excessive.

### III.  CONCLUSION

In light of the foregoing, the parties' proposed settlement is APPROVED. Villava-Estrada's motion for conditional certification is therefore DENIED as moot. The parties are ORDERED to submit a signed stipulation of dismissal with prejudice no later than April 8, 2016, for the Court to so order.

This resolves Docket No. 14.

SO ORDERED.

Dated: March 30, 2016
New York, New York

_____
ALISON J. NATHAN
United States District Judge